FILED 27 JUN '14 13:08 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OR OREGON

| | | |
|---|---|---|
| DANIEL J. TANNER, an Individual citizen, | ) | Case Number 6:14CV01035-TC |
| Plaintiff | ) | |
| vs. | ) | COMPLAINT FOR CIVIL RIGHTS, RECKLESS INTERFERENCE WITH ECONOMIC RELATIONS, VIOLATION OF INTERSTATE COMMERCE CLAUSE, CONSPIRACY. |
| VICKI HIGHTOWER, AMY ZETA RIVERSIDE COUNTY OF CALIFORNIA, JOHN AND JANE DOES', 1 THROUGH 10. | ) | Jury Trial Requested |
| Defendants. | ) | |

Plaintiff alleges;

1.

That this court has jurisdiction pursuant to Title 42, Section 1983, and Title 28, Section 1331, and the Constitution of the United States.





2.

That plaintiff is a citizen of the United States and the sole owner of U.S. Patent, Number USRE 44386 E, a true copy of which is attached to this complaint. That said patent is for a unique long range target device used by sportspersons, normally at rifle ranges throughout the United States and the state of California, and has been so used for almost twenty (20) years without incidents of injury or damage to private property when directions for the device are followed according to the instructions included when it is sold. The purpose of the device is to allow a person to see from a long distance (normally 100 yards or more) if their rifle shots are hitting a target and where, thereby allowing an accurate method of sighting in a hunting rifle. The target device cannot be activated by a pistol bullet but by rifle fire only. The target device contains two inert substances that when mixed by the user, enables the device to break apart with a loud sound, and expel a cloud of water vapor that can be observed by the shooter when the target is struck by the rifle bullet. The device cannot create fire or fires.

3.

STATEMENT OF THE FACTS

That defendant Vicki Hightower works for the office of the Riverside County office for the District Attorney, and on or about March 1, 2013 notified plaintiff by letter that the patented device described above was unlawful to be sold or used in the county of Riverside as well as in the state of California, and did so by hiding behind the color of law and authority. That defendant Hightower was acting at all times within the scope of her employment, but outside the scope of her authority at all times alleged herein, as no law(s) exist in California that makes plaintiff's patented target location device unlawful in any way, and that the device itself contains only inert materials that must be mixed together before the device works and expels its sound and clouds of water vapor upon impact by a bullet fired from a rifle at long range.

That defendant Hightower has on her own without authority, had declared by "mixing" the two inert materials described above constitutes bomb making and is thereby a crime to either possess the device or use it. That to threaten plaintiff, defendant Hightower notified plaintiff by letter that

if plaintiff shipped or caused to be shipped into the state of California the patented device that she would have plaintiff arrested in the state of Oregon for doing so, even though she knew or should have known that there were no laws in her state making the device unlawful to own or use at any time by anyone now or in the last two decades. Further, defendant had caused numerous law enforcement agencies to go in to retail establishments in Riverside County who had ordered the devices, marketed under the name of Tannerite, removed from their store shelves causing mass product returns of the product and demands for refunds. However, many such stores refused to stop selling the device until such time as defendant or Riverside county provided the laws or regulations making the device unlawful, which to this day has not been done, and cannot be done by Ms. Hightower or the parties ordered by her, as no such law or regulations exist banning Tannerite targets in California that would allow the named defendants to act legally, and not in the arbitrary and capricious manner alleged by plaintiff herein.

5.

That to further what plaintiff alleges is a conspiracy by defendant Hightower, defendant caused a customer who had purchased the device legally at a store to be arrested on a bomb making charge alleging that the person had followed the directions to make the device work at a shooting range to operate correctly, which is the mixing together of two inert substances to create the noise and water vapor discharge once it is hit by a bullet fired from a rifle. That customer, a one Jeremy Ingram is currently facing prison based upon trumped up charges by defendant Hightower because he was using plaintiff's patented device, which is the only such device on the market that does not cause fire or damage to private property, unlike many other such devices on the market today. That defendant assigned this case to defendant Amy Zeta who today is prosecuting Mr. Ingram for mixing two inert substances together, but not for buying or possessing the patented device, which is alleged to be a safe method to locate rifle targets at firing ranges, unlike many other such products currently for sale in the state of California. That defendant Zeta like defendant Hightower has been acting within the scope of her job, but outside the scope of her authority, as no law exists making the device un-

lawful to own or to use in California, or in federal law for that matter. That defendant Zeta's ill-advised prosecution of Jeremy Ingram is a ruse on him as well as all citizens of California because defendants together are attempting to make law via the courts to give the impression that plaintiff's patented device is unlawful to own or to use.

6.

COUNT ONE
(Civil Rights)
Title 42, Section 1983 violations

That defendant Hightower has violated plaintiff's rights by making threats of arrest by letter if his invention was sold and shipped into California which violated plaintiff's rights to commerce and the fruits of his invention in addition to being a violation of the United States Interstate Commerce Clause the I.C. C. as such shipments are made interstate from Oregon to California, by her ordering purchases of the targets to be returned to Oregon within 30 days of her order to do so to various retail outlets in Riverside County. That defendant acted at all times under the color of law and authority wrongfully.

That plaintiff has been damaged by the wrongful actions of defendant Hightower all to his general damages in the sum of one million dollars for the anger fear, loss of sleep defendant has experienced as a result of the aforementioned allegations against this defendant since 2013.

7.

COUNT TWO
(Conspiracy)

That defendant Amy Zeta using her office as a prosecutor has conspired with defendant Hightower to try Jeremy Ingram as a criminal for mere possession of a lawful target location device and by following the instructions given to him to make it operable at a rifle range in the state of California, Riverside County. That because there are no current laws that governs the Tannerite target location device, its possession or its use, that defendant is a willing participant in a plot to make it appear that plaintiff's patented device is illegal and a crime to possess or use, constituting a conspiracy of the worst kind all to plaintiffs general damages in the sum of one million dollars for the outrage plaintiff experienced upon knowledge of

that an ordinary citizen is being prosecuted for using plaintiff' invention and following the directions on how to make a lawful product work properly at a rifle range. Plaintiff has been damaged in the sum of $100,000 in general damages for anger, loss of sleep and severe worry resulting from this trial.

8.

COUNT THREE

(Reckless Interference with Economic Relations)

That the aforementioned allegations of defendant Hightower's actions constitute reckless interference with plaintiff's economic relations in that he is losing royalties caused by the return of the target devices back to his state from California resulting from defendants actions that are not based on law, but on defendant's whims. That plaintiff has been damaged by the un-warranted actions by defendant Hightower in the form of general damages in the sum of $1,000,000.00 for the anger, loss of sleep and worry plaintiff has been subjected to by defendant Hightower since 2013 as alleged above.

9.

COUNT FOUR

( Violations for the Interstate Commerce Act)

That defendant Hightower's threat to have plaintiff arrested if his

patented device was not prevented from being shipped into the state of California by the plaintiff, which action by her is a violation of the ICC Interstate Commerce Code of the United States. Further, plaintiff is now entitled to general damages in the sum of $100,000.00 for his worry and fears that defendant's threats would be carried out in 2013 and in 2014.

10.

COUNT FIVE

That the named defendants Hightower and Zeta were at all times employees of The County of Riverside in the state of California and as such, county is liable for their arbitrary and capricious actions as alleged in this complaint to the plaintiff for general damages in the sum of one million dollars for his months of worry, fear and loss of sleep caused by defendant's unending assault on his invention and patent all based on theory and belief, and without the backing of any federal of state of California law making the target locating device unlawful to own or to use.

**WHEREFORE:** Plaintiff prays for the following relief to wit;

17. That plaintiff be awarded the sum of $1,000,000 for general damages

for anger, loss of sleep, severe worry as alleged in the complaint in Count One, for her violations pursuant to 42USCA Section 1983.

That plaintiff be awarded the sum of $1,000,000 in the form of general damages for anger, loss of sleep and severe worry as alleged in the complaint under Count Two, conspiracy against defendants Hightower and Amy Zeta.

That plaintiff be awarded the sum of one million dollars in the form of general damages for loss of sleep, serious anger and severe worry that was a result of defendant's reckless interference with plaintiff's economic relations as alleged in the complaint, Count Three.

That plaintiff be awarded the sum of $100,000 in the form of general damages for the violation of the U.S. Interstate Commerce resulting from defendant Hightower's threat to have plaintiff arrested if his patented target device continued to be shipped from Oregon to California, as that was alleged in the complaint under Count Four.

That plaintiff be awarded the sum of one million dollars in the form of general damages as alleged against Riverside County in Count Five for severe emotional distress which took the form of anger, loss of sleep, bad dreams and general worry resulting from the wrongful acts by the county employees cited in this complaint.

Plaintiff be awarded his costs and disbursements and any other relief that equity would provide him or as this court should deem proper under the circumstances. Further, that a jury be empaneled to try this case.

Respectfully submitted by,

Dan Tanner

Daniel J. Tanner, pro se
36366 Valley Road,
Pleasant Hill, Oregon 97455

True copy ______-

The United States of America



## The Director of the United States Patent and Trademark Office

*Has received an application for the reissue of a patent. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a reissue patent on the invention shall be granted under the law.*

*Therefore, this*

## United States Patent

*Grants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America, and if the invention is a process, of the right to exclude others from using, offering for sale or selling throughout the United States of America, or importing into the United States of America, products made by that process, for the unexpired part of the term of the original grant, subject to the payment of maintenance fees as provided by 35 U.S.C. 41(b). See the Maintenance Fee Notice on the inside of the cover.*

*Acting Director of the United States Patent and Trademark Office*