UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Hana Rashad | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| none | | none |

**Proceedings:** (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY SECOND AMENDED COMPLAINT SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**

I.  Summary

Concurrently with the issuance of this Order to Show Cause, this Court granted Plaintiff's Motion for Leave to File Seconded Amended Complaint and directed the Clerk to file the Second Amended Complaint lodged with the foregoing motion. Accordingly, the Second Amended Complaint ("Second Amended Complaint" or "SAC") with exhibits ("SAC Ex.") is now the operative pleading. The Second Amended Complaint, which is predicated on Title 42, United States Code, section 1983 ("Section 1983") claims that the three remaining named defendants – Riverside County Deputy District Attorney Vicki Hightower, Riverside County District Attorney Paul Zellerbach, and Riverside County itself (collectively "defendants") – violated plaintiff's civil rights in connection with plaintiff's efforts to ship plaintiff's patented "Tannerite exploding target" from the State of Oregon to Riverside County.

As the Second Amended Complaint is deficient in multiple respects, including those detailed below, the Court hereby orders plaintiff to show good cause in writing why the Court should not *sua sponte* dismiss the Second Amended Complaint for failure to state a claim by not later than **September 25, 2015**. To the extent plaintiff believes that he can cure the deficiencies in the Second Amended Complaint, he is granted leave to file a Third Amended Complaint by the foregoing deadline which may serve as his response to this Order to Show Cause. To the extent plaintiff no longer wishes to pursue this action, his completion and return of the attached dismissal form by the foregoing deadline may serve as his response to this Order to Show Cause.

II.  Governing Legal Standards

The Court may, *sua sponte*, dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)") so long as it gives notice of its *sua sponte* intention to dismiss and provides the plaintiff with an opportunity to submit a written memorandum in opposition thereto. Seismic Reservoir 2020, Inc. v. Paulsson, 785 F.3d 330, 335 (9th Cir. 2015) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

Rule 12(b)(6) is read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8"). Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Pursuant to Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," which provides each defendant with "fair notice of what [each] . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation and quotation marks omitted). While Rule 8 does not require detailed factual allegations, a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555) (quotation marks omitted). "[W]ell-pleaded factual allegations" in a complaint are presumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusions couched as a factual allegation" are not. Id. (citation and quotation marks omitted); see also Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (as amended) (court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences") (citation omitted); cf. Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.") (citations and quotation marks omitted), cert. denied, 132 S. Ct. 850 (2011).

A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Id. (citation omitted). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "*show[]* that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Id. at 678-79 (citations and quotation marks omitted).

Complaints are liberally construed to give *pro se* plaintiffs "the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation and internal quotation marks omitted). If a *pro se* complaint is dismissed for failure to state a claim, the court must "freely grant leave to amend" if it is "at all possible" that the plaintiff could correct pleading deficiencies by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citation omitted).

**III.    The Second Amended Complaint**

Very liberally construed, the Second Amended Complaint appears to allege the following:

Plaintiff is the inventor and owner of the "Tannerite Exploding Target" (also referred to as "plaintiff's invention" or "the product") which plaintiff describes, in part, as "a binary exploding rifle target used as a shot-indicator for target practice at rifle ranges." (SAC at 2). The Tannerite Exploding Target is primarily composed of two compounds – ammonium nitrate and powdered aluminum – which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

are shipped separately and then intended to be combined by the end user to create the final "target." (SAC at 2-3; SAC Ex. A at 4, 5; SAC Ex. B at 1). The Tannerite Exploding Target is detonated when a high powered, center-fired rifle bullet strikes the center of the target. (SAC at 2-3; SAC Ex. A at 4). Such detonation creates an explosion that "is non-incendiary," and when used properly the product "has no tendency to start or cause fire." (SAC at 2; SAC Ex. A at 4-5). Activation of the Tannerite Exploding Target only "produces[] a cold reaction along with a white cloud of water vapor, with no [resulting] heat . . . ." (SAC at 2-3). The Tannerite Exploding Target assertedly is "not an explosive as defined by the laws of California and is not a destructive device as defined by California Code." (SAC at 4).

On March 1, 2013, defendants "sent plaintiff and others associated with him" a letter stating, in pertinent part, that (1) it was illegal to possess or use plaintiff's invention in Riverside County; and (2) if plaintiff or any others shipped the Tannerite Exploding Target into Riverside County they would be subject to arrest ("March Letter"). (SAC at 3; SAC Ex. B). Defendant Hightower wrote the March Letter and "directed the policy that the Tannerite targets were unlawful." (SAC at 4).

Defendant Zellerbach, defendant Hightower's supervisor, "approved and sanctioned [the March Letter], and did not stop the alleged deprivation of plaintiff's civil rights." (SAC at 4). Defendant Zellerbach's "failure to stop [defendant Hightower] from declaring the Tannerite Target shot-locator an unlawful explosive and destructive [sic] was deliberate inaction to prevent plaintiff's invention from being sold or used in Riverside County. . . ." (SAC at 5). Consequently, defendant Zellerbach is "guilty of fabricating the position that the Tannerite target device invented by plaintiff was an illegal bomb capable of starting fires in drought stricken Riverside County in 2013." (SAC at 5).

Defendants have made false public statements that plaintiff's invention "is a destructive device and explosive under California Code." (SAC at 3). Defendant Hightower made false claims that the Tannerite Exploding Target "causes fires and is an illegal bomb. . . ." (SAC at 4).

"Both defendants caused to be returned to the manufacturer numerous targets that were ordered removed from retail outlets in Riverside County by Riverside County fire departments on the false belief of the defendants that the product causes fire and are illegal bombs." (SAC at 3-4). The products were then shipped back to Oregon. (SAC at 4).

Plaintiff claims, based on the foregoing, that defendants violated (1) plaintiff's "constitutional right" to market and sell his invention in Riverside County; and (2) the Interstate Commerce Clause ("Commerce Clause"). (SAC at 2, 4-5).

///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

**IV.     Discussion**

    **A.     Pertinent Law**

        **1.     Section 1983**

To state a claim under Section 1983, a plaintiff must plead that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's rights created by federal law.[1]  42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  There is no vicarious liability under Section 1983.  Iqbal, 556 U.S. at 676.  Thus, to state a viable Section 1983 claim against an individual defendant, the complaint must allege that a defendant, "through the official's own individual actions," caused the particular constitutional deprivation alleged.  Id.

An individual "causes" a constitutional deprivation when he (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury."  Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978) (citations omitted).  Allegations regarding causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted).

A supervisor, like any other government official, may only be held liable under Section 1983 for "his or her own misconduct."  Iqbal, 556 U.S. at 677.  In some cases, a supervisor may be liable if he "participated in or directed" the constitutional violations of a subordinate or "knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.  Nonetheless, mere "knowledge and acquiescence" in a subordinate's misdeeds is insufficient.  Id. (citation omitted).  Absent "overt personal participation," a supervisor may still be liable under Section 1983 if he implemented a policy so deficient that the policy itself is a "repudiation of constitutional rights" and is the "moving force of a constitutional violation," i.e., the proximate cause of the subordinate's alleged constitutional violation.  Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (citations and internal quotation marks omitted).

A local government cannot be held liable under Section 1983 on a *respondeat superior* theory – that is, solely because it employs a tortfeasor.  Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 692 (1978).  Local government entities like Riverside County may be liable

---

[1] Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.  Graham v. Connor, 490 U.S. 386, 393-94 (1989) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

under Section 1983 only where actions taken pursuant to an official government "policy" caused an alleged constitutional deprivation. Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (citing Monell, 436 U.S. at 692). "Official" government policies include "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Id. (citations omitted). A government agency may not, however, be held liable under Section 1983 if no injury or constitutional violation has occurred in the first instance. Jackson v. City of Bremerton, 268 F.3d 646, 653-54 (9th Cir. 2001) (citations omitted); Quintanilla v. City of Downey, 84 F.3d 353, 355 (9th Cir. 1997), cert. denied, 519 U.S. 1122 (1997).

        **2.      Fourteenth Amendment – Due Process**

The Fourteenth Amendment generally prohibits states from depriving individuals of property without due process of law. U.S. Const. amend. XIV, § 1. To state a viable Section 1983 claim based upon a denial of procedural due process, a plaintiff must allege (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) a lack of process. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993).

The Due Process Clause only protects property interests where a plaintiff has "a legitimate claim of entitlement" to the property at issue. See Parks v. Watson, 716 F.2d 646, 656 (9th Cir. 1983). The United States Constitution does not itself create property interests. Doyle v. City of Medford, 606 F.3d 667, 672 (9th Cir. 2010) (citing Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972)). Rather, whether an individual has a protected property interest is generally determined under state law. Portman, 995 F.2d at 904; Doyle, 606 F.3d at, 672 (citation omitted); Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

        **3.      Fourteenth Amendment – Equal Protection**

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection claim by showing that the plaintiff was intentionally discriminated against on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), abrogated on other grounds as explained in Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125- 26 (9th Cir. 2002). Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). If the challenged action does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio Independent School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Maritime Financial Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

### 4. The Commerce Clause

The Commerce Clause of Article I, § 8 of the United States Constitution empowers Congress to "regulate Commerce . . . among the several States." The Supreme Court interprets the Commerce Clause as also placing limits on the power of the states to enact laws that impose commercial barriers to or discriminate against interstate commerce. Yakima Valley Memorial Hospital v. Washington State Department of Health ("Yakima Valley"), 731 F.3d 843, 846 (9th Cir. 2013) (citing Department of Revenue of Kentucky v. Davis ("Davis"), 553 U.S. 328, 337 (2008)); see generally Dennis v. Higgins, 498 U.S. 439, 451 (1991) (holding Commerce Clause claims may be brought under Section 1983). "The modern law of what has come to be called the dormant Commerce Clause is driven by concern about 'economic protectionism [–] that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors.'" Davis, 553 U.S. at 337-38 (citation omitted).

Under the dormant Commerce Clause, state laws that treat in-state and out-of-state economic interests differently are "virtually *per se* invalid." Yakima Valley, 731 F.3d at 846 (citing Oregon Waste Systems, Inc. v. Department of Environmental Quality of the State of Oregon, 511 U.S. 93, 99 (1994)) (quotation marks omitted). However, "[w]here [a] statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970) (citation omitted); see also National Association of Optometrists & Opticians v. Harris ("Harris"), 682 F.3d 1144, 1148 (9th Cir. 2012) ("A critical requirement for proving a violation of the dormant Commerce Clause is that there must be a *substantial burden* on *interstate commerce*.") (citation omitted; emphasis in original), cert. denied, 133 S. Ct. 1241 (2013).

The Supreme Court has been most "reluctant to invalidate" local laws that regulate issues involving safety. Yakima Valley, 731 F.3d at 846 (quoting Kassel v. Consolidated Freightways Corporation of Delaware, 450 U.S. 662, 679 (1981)) (internal quotation marks omitted); see also Pike, 397 U.S. at 143 (local regulation of safety "has long been recognized" as proper) (footnote omitted). The Supreme Court has emphasized that "if safety justifications are not illusory, the Court will not second-guess legislative judgment about their importance in comparison with related burdens on interstate commerce."[2] Kassel, 450 U.S. at 670 (citation and quotation marks omitted). Challenges to a

---

[2]State regulations are "illusory" if the state "fail[s] to make even a colorable showing that the regulations contribute to health and safety, resulting in overwhelmingly one-sided evidence that there are no real benefits to the challenged law." Harris, 682 F.3d at 1156 n.17 (citing Raymond Motor Transportation Inc. v. Rice, 434 U.S. 429, 437-38 (1978)). If, however, "the state produces some

(continued...)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

bona fide local regulation of safety "must overcome a 'strong presumption of validity.'" Id. (citation and internal quotation marks omitted).

### B. Analysis

First, to the extent plaintiff generally alleges that one or more defendants violated plaintiff's "constitutional right" to market and sell his invention in Riverside County, such allegation is too conclusory to state a viable Section 1983 claim. See Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

Second, to the extent plaintiff attempts to assert a Section 1983 claim predicated upon an alleged violation of due process stemming from the actions of defendants Hightower and Zellerbach in prohibiting the sale of the Tannerite Exploding Target in Riverside County, the allegations in the Second Amended Complaint are insufficient to state a viable Section 1983 claim. For example, the Second Amended Complaint does not allege facts which plausibly suggest, and plaintiff has not otherwise persuasively explained, that plaintiff had "a legitimate claim of entitlement" under California law – and thus a protected property interest – in selling his invention in Riverside County.

Third, to the extent plaintiff attempts to assert a Section 1983 claim predicated upon a deprivation of equal protection, he again fails to state a viable Section 1983 claim. Here, plaintiff does not allege membership in any protected class that could form the basis of an equal protection claim. Nor does plaintiff allege that a particular defendant intentionally treated plaintiff differently from others who were similarly situated.

Fourth, to the extent plaintiff attempts to state a claim predicated directly upon the Commerce Clause, he fails to state a viable claim as litigants may not assert causes action predicated directly upon the Constitution. See Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution. . . . [A] litigant complaining of a violation of a constitutional right must utilize [Section] 1983."), cert. denied, 506 U.S. 1081 (1993).

Fifth, to the extent plaintiff attempts to assert a Section 1983 claim predicated upon the Commerce Clause, he likewise fails to do so. The March letter, in pertinent part, alerted plaintiff's business that it "may be selling exploding targets" (i.e., "binary explosives") that were "illegal in

---

²(...continued)
evidence showing the purported benefits exist, the challenged statute will not be considered illusory even if there is strong countervailing evidence." Id. (citing CTS Corporation v. Dynamics Corporation of America, 481 U.S. 69, 92 (1987)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

California," and requested that plaintiff "immediately cease-and-desist selling [] binary explosives in California." (SAC Ex. B at 1-2). The Second Amended Complaint alleges, in pertinent part, that the March letter "claim[ed] that plaintiff's invention was illegal to possess or use in Riverside County[.]" (SAC at 3). Even if true, such allegations do not plausibly suggest that defendants, or any state or local law or regulation pursuant to which they were acting, treated in-state and out-of-state economic interests differently. At most such allegations appear to target "any individual" (*i.e.*, whether in state or out of state) who sells, possesses, etc., a "binary explosive[.]" (SAC at 3; SAC Ex. B at 1-2) (emphasis added).

Moreover, the Second Amended Complaint does not allege facts which plausibly suggest (and plaintiff has not otherwise persuasively explained) that prohibiting plaintiff's specific company from selling its product in Riverside County, California imposed more than an incidental burden on any interstate market, much less a burden on interstate commerce that was "clearly excessive in relation to the putative local benefits." See, e.g., Exxon Corp. v. Governor of Maryland, 437 U.S. 117, 127-28 (1978) ("[T]he [Commerce] Clause protects the interstate market, not particular interstate firms, from prohibitive or burdensome regulations.") (citation omitted).

In light of the foregoing, plaintiff's allegations that defendants erroneously determined, in part, that plaintiff's invention was an "[illegal] explosive" under California law are immaterial to evaluation of a possible dormant Commerce Clause claim. See, e.g., Harris, 682 F.3d at 1155 ("[W]here, as here, there is no discrimination and there is no significant burden on interstate commerce, we need not examine the actual or putative benefits of the challenged statutes."); Yakima Valley, 731 F.3d at 848 (citing id.) ("Our conclusion that the burden on interstate commerce is insignificant would normally end the constitutional inquiry."). Even so, the allegations in the Second Amended Complaint do not rebut the "strong presumption" that the suggested safety-related benefits of prohibiting the sale of the Tannerite Explosive Target in Riverside County outweighed any incidental burden on interstate commerce. Even assuming plaintiff's description of the composition and function of his invention is true, the Tannerite Exploding Target still appears to fall under the California definition of an illegal "explosive." For example, the Second Amended Complaint and the exhibits attached thereto reflect, in pertinent part, that the Tannerite Exploding Target contains "explosives grade ammonium nitrate and pyrotechnic grade aluminum powder" that, when combined and activated, creates an "explosion" and "provide[s] a loud report." (SAC at 2-3; SAC Ex. A at 2, 4-5). California Penal Code section 18720 ("Section 18720") provides that, absent a valid permit, possession of "any combination of substances or materials, with the intent to make any . . . explosive" is a felony. Cal. Penal Code § 18720. Such an "explosive" is defined, in part, as including "Ammonium nitrate explosive mixtures." See Cal. Penal Code § 16510 (defining "[e]xplosive" for purposes of Section 18720 as "any explosives" included in the "List of Explosive Materials" published in accordance with 18 U.S.C. § 841 and 27 C.F.R. § 555.23); see Bureau of Alcohol, Tobacco, Firearms, and Explosives List of Explosives Materials, 78 Fed. Reg. 208, 64246 (Oct. 28, 2013) ("[D]esignat[ing] . . . as explosive materials covered under 18 U.S.C. § 841(c)," *inter alia*, "Ammonium nitrate explosive mixtures (cap sensitive) . . . [¶] [and] (non-cap sensitive)"), available at https://www.atf.gov/file/83781/download. Plaintiff's conclusory assertion that the Tannerite Exploding Target is "not an explosive" under California law is insufficient plausibly to show as much.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

   Finally, the allegations in the Second Amended Complaint are insufficient to state a Section 1983 claim for municipal liability against Riverside County.  At a minimum, since, as noted above, plaintiff does not adequately allege any constitutional violation by a specific government actor, the Second Amended Complaint fails to state a claim for relief against Riverside County.  Cf. Jackson, 268 F.3d at 653-54 ("Neither a municipality nor a supervisor, however, can be held liable under § 1983 where no injury or constitutional violation has occurred."); Quintanilla, 84 F.3d at 355 (municipality not liable under Section 1983 for acts committed pursuant to municipal policy or custom unless plaintiff shows the individual actors actually violated his constitutional rights).

**V.  Orders**[3]

   In light of the foregoing, IT IS HEREBY ORDERED:

   1.  Plaintiff shall, **by not later than September 25, 2015,** show good cause in writing why the Court should not *sua sponte*, dismiss the Second Amended Complaint on the grounds stated above.

   2.  To the extent plaintiff believes that he can cure the deficiencies in the Second Amended Complaint, he is granted leave to file a Third Amended Complaint by the foregoing deadline which may serve as his response to this Order to Show Cause.  Any Third Amended Complaint must:  (a) be labeled "Third Amended Complaint"; (b) be complete in and of itself and not refer in any manner to any prior version of the complaint.  Local Rule 15-2; (c) contain a "short and plain" statement of the claim(s) for relief.  See Fed. R. Civ. P. 8(a); (d) make each allegation "simple, concise and direct." Fed. R. Civ. P. 8(d)(1); (e) make allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b); (f) set forth clearly the sequence of events giving rise to the claim(s) for relief; (g) allege with sufficient specificity what each specific defendant did and how that defendant's conduct violated plaintiff's rights; and (h) indicate the capacity in which any individual defendant is being sued (*e.g.*, "individual" or "official" capacity).

   3.  To the extent plaintiff no longer wishes to pursue this action, his completion and return of the attached dismissal form by the foregoing deadline may serve as his response to this Order to Show Cause.  Plaintiff's completion and return of the dismissal form will constitute plaintiff's voluntary dismissal of this action without prejudice.

///

---

   [3]The Court's orders herein constitute non-dispositive rulings on pretrial matters.  To the extent a party disagrees with such non-dispositive rulings, such party may file a motion for review by the assigned District Judge within fourteen (14) days.  See Local Rule 72-2.1.  To the extent a party believes the rulings to be dispositive, rather than non-dispositive, such party has the right to object to this Court's determination that the rulings are non-dispositive within fourteen (14) days.  A party will be foreclosed from challenging the rulings herein if such party does seek review thereof, or object thereto.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-183 JAK(JC) | Date | September 14, 2015 |
|---|---|---|---|
| Title | Daniel J. Tanner v. Vicki Hightower, et al. | | |

  **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to respond to this Order to Show Cause by (a) showing good cause in writing why the Court should not *sua sponte*, dismiss the Second Amended Complaint on the grounds stated above; (b) filing a Third Amended Complaint; or (c) returning a completed dismissal form, may result in the dismissal of this action with or without prejudice on the grounds set forth above, for failure diligently to prosecute, and/or for failure to comply with this Order to Show Cause.**

  IT IS SO ORDERED.

Attachment

Initials of Deputy Clerk: hr